United States District Court
Southern District of Texas
FILED

NOV 0 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Jorge Gracia,** Individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. B-01-171 |
| **Wal-Mart Stores, Inc.,** | § § | |
| Defendant. | § § | |

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE:

Jorge Gracia, Plaintiff, moves this Court pursuant to 28 U.S.C. §1447(c) for an order remanding this action to the 138th District Court of Cameron County, Texas. This case involves no federal question and was removed on two independent bases: (1) Wal-Mart alleges diversity of citizenship and removes pursuant to 28 U.S.C. § 1332(a), and (2) Wal-Mart alleges that this lawsuit is a civil action related to plaintiff's bankruptcy and removes pursuant to 28 U.S.C. § 1452. Defendant, Wal-Mart Stores, Inc.'s Notice of Removal ("Notice of Removal") at 1-2.

As to the first point, although there is diversity of citizenship, Wal-Mart has not met and cannot meet its burden to show a sufficient amount in controversy for federal subject matter jurisdiction.

As to the second point, this matter is not a case under the Bankruptcy Code, and it is not a civil proceeding arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. In the alternative, should the Court conclude to the contrary, the Court should abstain from hearing this matter, (1) in the interest of justice,

PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT, page 1

(2) in the interest of comity with Texas courts and respect for Texas law, and (3) because this action has already been commenced, and can be timely adjudicated, in a Texas forum of appropriate jurisdiction.

## BACKGROUND

1. This is a class action on behalf of a class of all consumers residing in Texas who have been the victims of the illegal acts of Wal-Mart that violated the Texas Debt Collection Practices Act, beginning on or after two years prior to the date the petition was filed in Texas court. Plaintiff's Original Petition ("Petition") at 1.

2. The Texas Debt Collection Practices Act prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. TEX. FIN CODE §§ 392.301-304.

3. Plaintiff alleges that Wal-Mart sent a form collection letter to Plaintiff and other class members that (1) falsely represented Wal-Mart's intent to take legal action, (2) threatened arrest without proper court proceedings and without authority to prosecute any crime, and (3) implied that Gracia and other class members had been charged with a criminal action when they had not violated any criminal law. Petition at 4.

4. Plaintiff seeks declaratory relief, damages, restitution, and preliminary and permanent injunctive relief, for himself and for the class. Petition at 1.

5. Wal-Mart removed the case to this Court on October 9, 2001. Wal-Mart alleged two independent bases for removal: (1) pursuant to 28 U.S.C. § 1332(a), based on allegations of diversity of citizenship, and (2) pursuant to 28 U.S.C. § 1452, based on allegations that this lawsuit is a civil action related to plaintiff's bankruptcy.

6. Wal-Mart gives no facts to support its allegation that the amount in controversy exceeds $75,000. Notice of Removal at 1-2. It also fails to detail how this lawsuit relates to plaintiff's bankruptcy court proceeding. Notice of Removal at 1-2.

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT,** page 2

## PRESUMPTION AGAINST REMOVAL

7. Jurisdiction of a federal court is limited, its scope defined by the Constitution and by statute. *Am. Fire & Casualty v. Finn*, 341 U.S. 6 (1951); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). Removal statutes are construed strictly against the right to remove, in favor of remand. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941); *Eastus v. Blue Bell Creameries, Inc.*, 97 F.3d 100, 106 (5th Cir. 1996); and *Matter of Meyerland Co.*, 960 F.2d 512, 518 (5th Cir. 1992), *cert. denied*, 506 U.S. 1049 (1993). The Court must resolve disputed questions of fact in favor of Plaintiff. *B, Inc. v. Miller Brewing Co.*, 663 F.2d at 549.

## THE COURT DOES NOT HAVE DIVERSITY JURISDICTION BECAUSE THERE IS AN INSUFFICIENT AMOUNT IN CONTROVERSY

8. Wal-Mart gives no facts to support his allegation that the amount in controversy exceeds $75,000. Notice of Removal at 1-2.

9. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In specific, it is Wal-Mart's burden to establish the amount in controversy. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

10. Where a plaintiff does not specify the amount in controversy in its pleading, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit. *Allen v. R. & H Oil & Gas Co.*, 63 F.3d at 1334 (*citing De Aguilar* at 58). Wal-Mart must demonstrate the amount in controversy to a legal certainty. *Kirkland v. Montgomery Ward & Co., Inc.*, 882 F.Supp. 1020, 1021-2 (M.D. Ala. 1995).

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**, page 3

11. Wal-Mart, however, only states that that the amount in controversy exceeds $75,000. Removal cannot be based upon such conclusory allegations. *Allen v. R. & H Oil & Gas Co.*, 63 F.3d at 1335.

12. Wal-Mart attempts to bootstrap the lack of amount in controversy by seeking supplemental jurisdiction over "the unnamed class members that do not meet the amount in controversy under 28 U.S.C. §1367." Notice of Removal at 2. Supplemental jurisdiction under Section 1367 permits the Court to consider claims in addition to those over which it has original jurisdiction. Because the Court does not have original jurisdiction over this matter, supplemental jurisdiction is a moot point. The amount in controversy requirement must be satisfied as to each member of the class to establish diversity jurisdiction. 28 U.S.C. §1332; *Zahn v. International Paper Co.*, 414 U.S. 291 (1973); *Snyder v. Harris*, 394 U.S. 332 (1969). Aggregation of claims to satisfy diversity is not allowed, as that would permit practically any claim in which the named members of the class and the members of the opposing party were of diverse citizenship. *Snyder v. Harris*, 394 U.S. at 339-41.

**THE COURT DOES NOT HAVE BANKRUPTCY-CODE-BASED JURISDICTION.**

13. This Court does not have Bankruptcy-Code-based jurisdiction.

14. Wal-Mart removed pursuant to 28 U.S.C. § 1452 which permits removal of any case in which the Court has jurisdiction under 28 U.S.C. § 1334.

15. Section 1334(a)-(b) provides, in pertinent part:

(a) Except as provided in subsection (b) of this section, *the district court shall have original and exclusive jurisdiction of all cases under title 11.*

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, *the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.*

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT,** page 4

28 U.S.C. § 1334(a)-(b) [emphases added].

16.     Wal-Mart does not allege that this is a case *"under* title 11," so subsection (a) does not apply and this Court clearly does not have original *and exclusive* jurisdiction of this case. Subsection (a) "refers to the bankruptcy petition itself, over which district courts (and their bankruptcy units) have original and exclusive jurisdiction." *Matter of Wood*, 825 F.2d 90, 92 (5th Cir. 1987). Nor does Wal-Mart allege that this case "arises under" title 11. Notice of Removal at 1-2.[1]

17.     Instead, as the sole basis for establishing Section 1334 jurisdiction, Wal-Mart alleges that this case "is a civil action related to the bankruptcy of Plaintiff Jorge Gracia." Notice of Removal at 2. Plaintiff's Chapter 13 proceeding is presently pending before the United States Bankruptcy Court, Corpus Christi division, Case No. 00-22716-B-13, styled "In the Matter of Jorge Gracia."

18.     However, Wal-Mart has completely failed to show how this lawsuit is sufficiently related to Plaintiff's Chapter 13 proceeding to confer removal jurisdiction on this Court. Wal-Mart states that this is a non-core proceeding, but nothing else. Notice of Removal at 2. There are no allegations of any conceivable effect on the bankruptcy estate. Wal-Mart bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

---

[1]     These are largely distinctions without a difference in this instance. "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under', 'arising in a case under', or 'related to a case under', title 11. These references operate conjunctively to define the scope of jurisdiction. Therefore, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Matter of Wood*, 825 F.2d at 93. And that is what defendant has alleged here.

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT, page 5**

19. Wal-Mart has failed even to allege facts sufficient to confer jurisdiction on this Court. Therefore, removal under Section 1334 must fail.

### IN THE ALTERNATIVE, THE COURT SHOULD ABSTAIN FROM HEARING THIS MATTER.

20. Even if the Court concludes that it does have Section 1452 jurisdiction, Plaintiff urges the Court to abstain from hearing this matter, pursuant to 28 U.S.C. § 1334(c), which provides:

> (c) (1) *Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining* from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, *the district court shall abstain from hearing such proceeding* if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c) [emphases added].

21. Section 1334(c)(1) is intended to prevent a defendant from bringing "into federal court matters that should be left to state courts to decide." *Matter of Wood*, 825 F.2d at 93.

22. The sole substantive cause of action in this matter depends on construction and application of a state law, the Texas Debt Collection Practices Act, as interpreted by the Texas appellate courts in *Brown v. Oaklawn Bank*, 718 S.W.2d 687 (Tex. 1986) and other cases. Part of that construction will involve construction of Texas Penal Code Section 32.41. These are matters for determination by the courts of the State of Texas. This action can be timely adjudicated in the state district court of Cameron County, where Plaintiff originally filed.

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT,** page 6

23. Therefore, even if the Court determines that it has subject matter jurisdiction of this case, it should abstain and send the case back to state court in the interest of justice and in the interest of comity with Texas courts and respect for Texas law.

24. Furthermore, and perhaps most importantly, abstention is mandatory upon timely motion where (1) the state court action is based on a state law claim, (2) the claim is merely "related to" a bankruptcy case, (3) the federal court otherwise has no jurisdiction, and (4) the matter can be timely adjudicated, in a Texas forum of appropriate jurisdiction. D. HITTNER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 2:846.3 at page 2D-114.

25. This is precisely the situation in this case.

26. For all these reasons, the Court should abstain.

### PRAYER

This Court does not have diversity jurisdiction over this case, nor does it have Bankruptcy-Code-based jurisdiction under 28 U.S.C. § 1452. Even if the Court concludes that it does have Section 1452 jurisdiction, Plaintiff urges the Court to abstain from hearing this matter, (1) in the interest of justice, (2) in the interest of comity with Texas courts and respect for Texas law, and (3) because this action has already been commenced, and can be timely adjudicated, in a Texas forum of appropriate jurisdiction.

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT,** page 7

Plaintiff therefore prays that this Court remand this case to the 138th District Court of Cameron County, Texas. Plaintiff further prays that this Court order Wal-Mart to pay to plaintiff his just costs and actual expenses, including attorney fees, incurred as a result of this removal.

Respectfully submitted,

John Ventura
Texas State Bar Number 20545700
Conrad Bodden
Texas State Bar Number 00796220
Law Offices of John Ventura, P.C.
62 E. Price Road
Brownsville Texas 78521
Telephone:   956/546-9398
Telecopier:  956/542-1478
Counsel for Plaintiff and the Class

Stephen Gardner
Texas State Bar Number 07660600
Law Office of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
Telephone:   214/954-0663
Telecopier:  214/871-8957
Counsel for Plaintiff and the Class

by: _____
Stephen Gardner,
Counsel for Plaintiff and the Class

## Certificate of Service

I certify that a true and correct copy of this document was served on all counsel of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on November 1, 2001.

_____
Stephen Gardner

**PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT, page 8**