5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOV 2 3 2001

JORGE GRACIA, ET AL
    Plaintiff

01-171

V.
                             CASE NO. ~~00-0171~~

WAL-MART STORES, INC.
    Defendant

---

## DEFENDANT, WAL-MART STORES, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Defendant **WAL-MART STORES, INC.** (hereafter "Wal-Mart"), and files

its Response to Plaintiff's Motion to Remand, and would show the Court as follows:

### I.   Factual Background

    Plaintiff's suit arises from a letter to request Gracia honor a $ 73.59 check written to

"Sam's Club" in Brownsville Texas. Exh. 1. Wal-Mart sent him a letter on Feb. 25, 2001,

informing him his check had been dishonored, providing him with notices required by state

law.[1] Plaintiff Gracia argues Exh. 1 falsely accused him of being charged with a crime,

threatened arrest without proper proceedings, etc. Original Petition ¶ 14. Gracia seeks for

---

[1] *See, e.g.,* TEX. CODE OF CRIM. PROC., art. 102.007, et seq.; TEX. PENAL CODE, §§ 31.06, 32.41.

himself and all class members actual damages, "statutory damages," restitution of all money obtain by Wal-Mart, and punitive damages.  Original Petition ¶¶ 17-19.

Gracia filed for Chap. 13 bankruptcy protection in the Southern District of Texas on September 7, 2000.  Exh. 2, Doc. # 1.  His Amended Plan was confirmed on March 8, 2001.  Exh. 2, Doc. # 22; Exh. 5.  It was modified on Nov. 8, 2001.  Exh. 2, Doc. # 38; Exh. 5.

His Plan Summary Report indicated about $100,000.00 in secured claims and about $18,000.00 in unsecured claims.  Exh. 3.  Although Wal-Mart apparently sent him the letter before the confirmation of his plan, the docket sheet (Exh. 2) does not show he amended his property schedule to show it as property of the estate.  His Amended Plan (Exh. 4) provides that the Debtor's property shall remain the property of the estate after confirmation.  In general, Gracia's Chap. 13 Plan requires monthly payments to the Trustee over 60 months which takes care of all but two creditors; the latter he pays directly.  Exh. 4.

Although Gracia argues this case does not "relate to" his bankruptcy, he sought the bankruptcy court's approval to hire his counsel of record.  Exh. 2, Doc. # 28.  The bankruptcy court's July 6, 2001, order requires counsel's billing comply with 11 U.S.C. § 330,  that counsel's retainer be held in trust with withdrawals to be court-approved, and that their compensation "be approved hereafter on proper application and hearing ...".  Exh. 6.

II.

## A.  Bankruptcy "Related-To" Jurisdiction

A proceeding is "related to" a Title 11 case if it could conceivably have any effect on the estate being administered in bankruptcy.  *In Re: Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993); *Kochner v. Dow Chem. Co.*, 132 F.3d 1225, 1230-31 (8th Cir. 1997).  This includes any proceeding that could affect the debtor's rights, liabilities, options or freedom of action. *In Re: Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997).  It further includes any proceeding that in any way impacts the handling and administration of the bankrupt estate.  *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995).

Jurisdiction under 28 U.S.C. § 1452 is more generous than that under the general removal statute.  *In re Ciclon Negro,* 260 B.R. 832, 835 ( Bankr. S.D. Tex. 2001).  This broad jurisdiction is granted in order to promote judicial economy by avoiding piecemeal adjudication of all matters connected to the estate.  *In re Sunpoint Securities, Inc.,* 262 B.R. 384, 393 (Bankr. E.D. Tex. 2001).  The effect on the debtor's estate need only be possible, not probable.  *Celotex*, 124 F.3d at 626.  If any recovery could increase the value of the bankruptcy estate or the funds available for distribution, this justifies "related to" jurisdiction. *In re Ciclon Negro,* 260 B.R. at 838; *In re Sunpoint Sec. Inc.,* 262 B.R. at 393.  If the recovery would be property of bankruptcy estate, "related to" jurisdiction is proper.  *In re*

*Fleet,* 53 B.R. 833, 838 (E.D. Pa. 1985)(upholding "related to" jurisdiction for a consumer fraud class action filed by Chap. 13 debtor against a debt counseling service).

Here, there are two reasons. First, Gracia's claim is property of the bankruptcy estate. This includes his claims for statutory attorneys fees. Second, the bankruptcy court will have to supervise his counsel's claims for fees. In either case, there is substantial impact on the bankruptcy estate.

All property acquired by a Chap. 13 debtor after commencing the bankruptcy and before the bankruptcy is closed is property of the estate. 11 U.S.C. §§ 541(a)(7), 1306(a)(2).[2] Under Gracia's plan (Exh. 4) as confirmed, his property remained in the bankruptcy estate and did not revest in him upon confirmation. *See also* 11 U.S.C. § 1327(a). Therefore, Gracia's alleged claims against Wal-Mart are property of the bankruptcy estate. *In re Studer,* 233 B.R. 189, 192 (Bankr. M.D. Fla. 1998); *Donato v. Metrolpolitan Life Ins. Co.,* 230 B.R. 418, 421 (N.D. Cal. 1999).

This affects the bankruptcy proceedings because the Trustee could file a motion to modify the plan to cover the event of a recovery. Gracia's plan can be modified upon showing an increase in Gracia's income in order to require he use it pay creditors. *In re Studer,* 233 B.R. at 192. This is a significant consideration. Gracia's Plan uses his monthly

---

[2] Unlike a Chap. 11 proceeding, a Chap. 13 debtor's bankruptcy is not closed nor is the debtor discharged until the debtor completes payments under the confirmed plan. 11 U.S.C. § 1328(a).

DEFENDANT, WAL-MART STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND
C:\FILES\W690 REPLY ON MOTION TO REMAND                                    **Page 4**

Plan payments to satisfy about $ 15,000.00 in unsecured and secured debts. A recovery could be used to eliminate or significantly reduce those debts.

The claim for statutory attorneys fees would also be part of estate because, under Texas law, Gracia owns any claim for attorneys fees, not his counsel. Awards of attorneys fees belong to the client, not counsel. *Venegas v. Mitchel,* 495 U.S. 82 (1990); *Martin v. Lovorn,* 959 S.W.2d 358, 360 (Tex. App.–Houston [14th Dist.] 1998, no writ); RESTATEMENT (3D) OF LAW GOVERNING ATTORNEYS, § 38(3)(b), cmt f. Therefore, any fees recovered attributable to Gracia's individual claim belong to him and, therefore are property of the bankruptcy estate.

Second, there is "related to" jurisdiction because this case affects the handling of Gracia's bankruptcy case. Gracia has employed his class action counsel in accord with 11 U.S.C. §§ 329, 330. If this case had no connection to Gracia's bankruptcy, this would have been unnecessary; the application is a tacit admission the case is connected to the bankruptcy. In any event, Gracia's lawyers must submit their billings and fees to the bankruptcy court for approval. Exh. 6; 11 U.S.C. §§ 329(b), 330(a). Therefore, the bankruptcy court will have to review this case to approve the billings and any fee award in any resulting class action.

This important because 28 U.S.C. § 329(b) permits the bankruptcy court to require retained counsel refund excessive fees if they would have been property of the estate. *In re*

*Prudhomme,* 53 F.3d 1000, 1002-3 (5th Cir. 1995). A claim that counsel should refund excessive fees is a "core proceeding" in bankruptcy. *In re Placid Oil Co.,* 158 B.R. 404, 418 (N.D. Tex. 1993). Therefore, the bankruptcy court will have to review (1) how much of any fee award belongs to the bankruptcy estate, and (2) the reasonableness of said amount.

Therefore, Gracia's claims in this case will have a significate effect on his Chap. 13 proceedings.

### B.  Mandatory Abstention

Gracia urges the court must abstain under section 1334(c)(2). Section 1334(c)(2) mandates abstention only if the "action could not have been commenced in a court of the United States absent jurisdiction" under section 1334. There is no abstention unless there is no independent basis for federal court jurisdiction absent bankruptcy. *In re Dow Corning Corp.,* 86 F.3d 482, 497 (6th Cir. 1996).

Grounds for mandatory abstention under section 1334(c)(2) are narrowly construed and should be applied sparingly. *In re First Alliance Mort. Co.,* ___ B.R. ___, 2001 B.R. 1360008, * 5 (C.D. Cal. 2001); *In re Hillsborough Holdings Corp.,* 123 B.R. 1004, 1010 (Bankr. M.D. Fla. 1990), *aff'd,* 123 B.R. 1018 (M.D. Fla. 1990). As the party urging abstention, Gracia has the burden to prove each element of section 1334(c)(2); if he fails to offer proof on each element, abstention must be denied. *In re Hillsborough Holdings Corp.,* 123 B.R. at 1023; *In re Ascher,* 128 B.R. 639, 644 (N.D. Ill., 1991).

First, Gracia offers no proof that there is no alternate basis for jurisdiction. Wal-Mart has asserted diversity jurisdiction under section 1332. While Gracia does not concede his claim exceeds $ 75,000.00, he does not positively deny it nor does he offer proof that his claims "could not have been commenced" in federal court based on diversity jurisdiction. As shown by the argument below, his claim could involve more than the jurisdiction minimum. Also, Gracia seeks restitution of monies paid. This court has exclusive jurisdiction over bankruptcy estate property. 28 U.S.C. § 1334(e). In re *Duval County Ranch Co.* , 167 B.R. 848, 849 (Bank. S.D Tex. 1994). Therefore, Garcia fails to prove his first element.

Second, Garcia offers no proof that his suit could be timely adjudicated in state court. Therefore, he has failed to prove another element required by section 1334(c)(2). *See, e.g., In re First Alliance Mort. Co.,* 2001 WL 1360008, *5.

## C. Discretion Abstention/Remand

Gracia alternatively requests discretionary abstention under section 1334(c)(1). "Permissive abstention" imports the judicially-created doctrines of abstention; the standards governing it are substantially similar to those governing permissive remand under 18 U.S.C. § 1452(a). *In re Wright,* 231 B.R. 597, 600 (Bankr. W.D. Tex. 1999). The reason is that true abstention would require dismissal of the case rather than a remand to state court. *Id.* at 601-2.

The standards governing remand under section 1452(a) favor retaining jurisdiction over this case. Federal courts have a `virtually unflagging obligation' to exercise their jurisdiction except in the most extraordinary circumstances. *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988). The legislative history of § 1452 is clear that remand is appropriate only in circumstances that give rise to important countervailing interests. *See, Thompson v. Magnolia Petroleum*, 309 U.S. 478, 483 (1940); *Bigliari Imp. & Exp., Inc. v. Nationwide Mut. Fire Ins. Co.*, 142 B.R. 777 (Bankr. W.D. Tex. 1992). Wal-Mart's choice of a federal forum (via removal) is entitled to significant weight where, as here, there is a substantial effect on Gracia's bankruptcy. *McKesson Corp. v. El Paso Pharm., Inc.*, 130 B.R. 492, 497 (Bankr. W.D. Tex. 1991).

Under § 1452(b) the Court may consider several equitable factors, including:

1. *forum non conveniens*;

2. if the action has been bifurcated by removal, whether the entire action should be tried as one case;

3. whether the state court is better able to respond to questions involving state law;

4. the expertise of the particular court;

5. the duplicative efforts of judicial resources in two forums;

6. prejudice to involuntarily removed parties;

7. comity; and

8.    the possibility of inconsistent adjudications.

*Browning v. Navarro*, 743 F.2d 1069, 1076-77 (5th Cir. 1984). Because the entire lawsuit

has been removed to this Court, the Court need not consider the equitable grounds related to

bifurcation, duplication of effort, inconsistent adjudications or comity. *In Re: Duval County*

*Ranch Co.*, 167 B.R. 848, 849 (Bankr.S.D.Tex. 1994). The remaining factors all point

towards retaining jurisdiction; Gracia offers no proof to the contrary.

Any attorneys fee award presents a possibility of inconsistent adjudications between

the state court and the bankruptcy court. As argued above, section 329(b) permits the

bankruptcy court review the excessiveness of fees recovered by retained counsel. However,

state law requires a finding that fees awarded under statute be reasonable. TEX. CIV. PRAC.

& REM. CODE § 37.009 (declaratory relief); TEX. FINAN. CODE § 392.403(b). Counsel may

argue that any such finding is binding on the federal court. See, 28 U.S.C. § 1738.

Consequently, the state court judgment could be asserted to frustrate the bankruptcy court's

authority as preserved in its order (Exh. 6).

Also, the state court may rule on how much of any statutory fee award is attributable

to Gracia's claim as opposed to the claims of the unnamed class members. Such a ruling

would effectively determine how much of such an award is Gracia's property(and thereby

property of the bankruptcy estate). However, the federal district court has exclusive

jurisdiction over the bankruptcy estate's property. 28 U.S.C. §1334(e). Attorneys fees in

class actions often represent the largest single portion (if not all) of any cash recoveries. See, e.g., *General Motors Corp. v. Bloyed*, 916 S.W.2d 949 (Tex. 1996). A state court ruling on how much of any fee award is for representing Gracia has the dual effect of (1) limiting the bankruptcy estates's property interest, and (2) insulating the balance of the fee award from bankruptcy court review under section 329(b). Citing the state court decision, class counsel will urge that the balance of the fees are not "property of the estate" and thus are not subject to review (or disgorgement) under section 329(b). Retaining jurisdiction in this court prevent any such conflict. This court can refer to the bankruptcy court these fee issues and retains appellate review over that court's rulings.

The presence of state law issues does not require remand. *In Re: Wood*, 825 F.2d 90, 96 (5th Cir. 1987). Virtually every issue arising with the bankruptcy context involves state law to some degree. *In re Ascher*, 128 B.R. at 647. Consideration of state law issues tips in favor of remand only if state law is unsettled. *Id.; In Re: Republic Readers' Service, Inc.*, 81 B.R. 422, 424 (Bankr.S.D.Tex. 1987). Gracia does not identify any such issues of state law.

Gracia does not suggest how proceeding in federal court, rather than state court, could prejudice him.

Given Gracia's failure of proof on abstention and the significant effect of this pending case on his bankruptcy case, this court should deny abstention.

## II.  Diversity Jurisdiction

Gracia does dispute that this is a controversy between citizens of different states. Rather he argues that Wal-Mart has not carried its burden to establish the amount in controversy exceeds $ 75,000.00.

It is not necessary for Wal-Mart to show that Gracia and each possible class members' claims the minimum amount in controversy.  It is sufficient to sustain diversity jurisdiction if the amount in controversy for Gracia's claim exceeds $ 75,000.00.  *H& D Tire and Automotive Hardware, Inc.,* 250 F.3d 302, 306 (5th Cir. 2001), *cert. denied,* 122 S.Ct. 214 (2001).  The court may then exercise supplemental jurisdiction over the unnamed class members' claims under 18 U.S.C. § 1367.  *In re Abbott Laboratories,* 51 F.3d 524, 529 (5th Cir. 1995), *reh. denied,* 65 F.3d 33 (5th Cir. 1995).

Gracia seeks actual damages, restitution, statutory damages, injunction/declaratory relief, and punitive damages.  "Actual damages" for claims at common law and under the Texas Debt Collection Act[3] permit upon competent evidence recovery for mental anguish, injury to credit reputation, injury to personal reputation, and lost wage earning capacity. *Monroe v. Frank,* 936 S.W.2d 654,  661 (Tex. App.–Dallas 1996, writ dism. w.o.j.); *Green Tree Finan. Corp. v. Garcia,* 988 S.W.2d 776, 784 (Tex. App.–San Antonio 1999, no pet.):

---

[3] TEX. FIN. CODE § 392.001, et seq.

*Waterfield Mort. Co., Inc. v. Rodriguez,* 929 S.W.2d 641, 644-5 (Tex. App.–San Antonio 1996, no writ).

Gracia argues that Wal-Mart has not shown that his claim involves $75,000.00, but he does not positively aver that his personal claim is less than that amount. Unfair debt collection practices claims allow (upon competent and satisfactory evidence) recovery for mental anguish, injury to credit reputation, injury to personal reputation, lost wages, and restitution. Because such damages are by nature not susceptible to mathematical assessment, the court may consider the range of jury verdicts to establish the amount in controversy. Texas courts have approved awards of

a.    $ 10,000.00 for mental anguish. *Credit Plan Corp. of Houston v. Gentry,* 516 S.W.2d 471, 480 (Tex. App.–Houston [14th Dist.] 1974), *rev'd on other grounds,* 528 S.W.2d 571 (Tex. 1975).

b.    $39,000.00 for lost wages or earning capacity. *Gentry,* 516 S.W.2d at 480

c.    $ 30,000.00 for injury to credit and personal reputation. *Green Tree Finan. Corp.,* 988 S.W.2d at 784-85.

One court has even upheld an individual award for $ 75,000.00 for emotional distress and lost wages, albeit on aggravated facts. *Household Credit Serv., Inc. v. Driscoll,* 989 S.W.2d 72, 89-92 (Tex. App.–1998, pet. denied). It is not necessary for Wal-Mart to prove that

Gracia is entitled to $ 75,000.00 damages, nor does Wal-Mart concede he is entitled to it; it is sufficient to show that this is the amount in controversy.

A claim for common law unreasonable debt collection can support a claim for punitive damages upon proper proof malice. *Waterfield Mort. Co., Inc.,* 929 S.W.2d at 645. Punitive damages are capped by the greater of (1) $200,000.00, or (2) two times the amount economic damages plus the amount of non-economic damages that do not exceed $750,000.00. TEX. CIV. PRAC. & REM. CODE § 41.008(b). Texas courts have affirmed an individual recovery of $69,000.00 for an individual claim of unreasonable debt collection practices to collect a $ 158.00 debt. *See, Gentry,* 516 S.W.2d at 481.

Gracia also seeks attorneys fees. TEX. CIV. PRAC. & REM. CODE § 37.009 (declaratory relief); TEX. FINAN. CODE § 392.403(b). The entire statutory fee for representing the entire class should not be attributed to Gracia in determining the amount in controversy. *H&D Tire,* 227 F.3d 326, 330 (5th Cir. 2000), *reh. denied,* 250 F.3d 302 (5th Cir. 2001), *cert. denied,* 122 S.Ct. 214 (2001). However, the fees that could attributable solely to Gracia's claim (or even a pro rata share of the whole) would not be insubstantial.

Therefore, the amount in controversy can exceed $ 75,000.00. A combination the amounts that can be awarded for economic and non-economic damages, punitive damages and attorneys fees may exceed the jurisdictional limit.

## IV. Plaintiff's Request to Award Fees

The prayer to Gracia's motion to remand includes a request for award of fees and costs, presumably under 28 U.S.C. 1447(c). The motion does not present any substantive argument or authorities to support the request. The Court should deny it.

An award under section 1447 is discretionary. *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). The mere determination that removal was improper does not require an award of fees and costs. *Id.* It requires consideration of the propriety of removal based on whether the party had objectively reasonable grounds to believe removal proper. *Id.* at 293.

First, section 1447( c) does not apply to actions removed under section 1452. *In re Hoffman,* 248 B.R. 90, 93 (Bankr. W.D. Tex. 2000). Moreover, when remand is granted on the grounds of abstention or equitable grounds, it is not appropriate to award fees under section 1447. *Id.; Shubert v. Roche Holding,* 157 F. Supp. 2d 542, 548 (E.D. Pa. 2001). Section 1447( c) is premised a conclusion that there was no removal jurisdiction. A remand due to equitable considerations or abstention presumes the court has jurisdiction. A party should not be penalized for removing a case to a court that has removal jurisdiction simply because the court chooses to exercise its discretion to remand.

Second, the evidence abundantly shows this court has jurisdiction under section 1452. Even if this court determines diversity removal jurisdiction is lacking due to the amount in

controversy, Wal-Mart's reasons to conclude that amount did exceed $75,000.00 were not objectively unreasonable. *Compare, Creel v. Richardson,* 2001 WL 257844, *3-4 (N.D. Tex. 2001).

Wherefore, premises considered, Defendant Wal-Mart Stores, Inc., prays the motion to remand be denied.

Respectfully submitted,

Jaime Drabek
State Bar No. 06102410
Fed. I.D. No. 8643
DRABEK & ASSOCIATES
1720 E. Harrison, Suite B
Harlingen, Texas 78550
956/428-4544
956/428-4880 (FAX)

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495
956/428-2954 (FAX)

By:_____
    Roger W. Hughes
    State Bar No. 10229500
    Fed. I.D. No.  5950
    Charlie J. Cilfone
    State Bar No. 08129310
    Fed. I.D. No. 11416
    Scott Clark
    State Bar No. 00795896
    Fed. I.D. No.  21676

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES, INC.

THE STATE          )

OF TEXAS           )

BEFORE ME, the undersigned authority, on this day personally appeared ROGER W. HUGHES, who being duly sworn states as follows:

My name is Roger W. Hughes, I am over the age of 18 years and am competent to make this affidavit.  I am an attorney licensed to practice in Texas and in this court.  I am associate counsel for Defendant Wal-Mart Stores, Inc.

Exhibit 1 to Defendant's Response to Plaintiff's Motion to Remand is a true and correct copy of exhibit 1 to Plaintiff's Original Petition.  The attached exhibits 2, 5 and 6 are true and correct copies of the docket and orders I downloaded by accessing PACER to view the information on "In the matter of Jorge Gracia" Case No. 00-22716-B-13, pending in the Bankruptcy Court of the Brownsville Division of the U.S. District Court for the Southern District of Texas.  The attached exhibits 3 and 4 are true and correct copies of the pertinent portions of documents provided to me by Plaintiff's bankruptcy counsel.

The above and foregoing is true and correct to my personal knowledge.

Roger W. Hughes

SWORN TO AND SUBSCRIBED before me by ROGER W. HUGHES this 23rd day of November, 2001.

Notary Public, State of Texas

DORIS P. LOUX
Notary Public
STATE OF TEXAS
My Comm. Exp. 08-31-2004

DEFENDANT, WAL-MART STORES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR REMAND
C:\FILES\W690 REPLY ON MOTION TO REMAND                                    **Page 16**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _2 3_ day of November, 2001, to the following counsel of record and interested parties:

Attorneys for Plaintiffs, JORGE GRACIA, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED :

Mr. Stephen Gardner                    **CMRRR # 7099 3400 0018 1886 4532**
LAW OFICE OF STEPHEN GARDNER, P.C.
Woodall Rogers Tower, Ste. 1750
1845 Woodall Rogers Freeway
Dallas, Texas 75201

Mr. John Ventura                       **CMRRR # 7099 3400 0018 1886 4372**
Mr. Conrad Bodden
LAW OFFICES OF JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521

_____
ROGER W. HUGHES



WAL-MART STORES, INC.
PO BOX 2844
TUSCALOOSA, AL 35403-2844

49119011

WAL-MART STORES, INC.

DATE: 02/25/2001
STORE NUMBER: 8126
CHECK ACCOUNT: 0664155041
CHECK NUMBER: 1019
CHECK DATE: 01/07/2001
CHECK AMOUNT: $73.59
CHECK FEE: $25.00
TOTAL DUE: $98.59
CONTROL NUMBER: 49119011

JORGE L. GRACIA
GRANDE E
1554 CALLE RANCHO
SAN BENITO, TX 78586

**FINAL NOTICE**

You are being notified that the above listed check payable to SAM'S CLUB 8126/BROWNSVILLE, TX has been dishonored.

Attention: Jorge Gracia

This statutory notice is provided pursuant to Texas Law (ART.102.0071). This is a demand for payment in full for a check or order not paid because of a lack of funds or insufficient funds. If you fail to make payment in full within 10 days after the date of receipt of this notice, the failure to pay creates a presumption for committing an offense, and this matter may be referred for criminal prosecution.

A person charged with an offense under this section may make restitution for the bad checks. Restitution shall be made through the prosecutor's office if collection and processing were initiated through that office. In other cases restitution may, with the approval of the court in which the offense is filed, be made through the court.

Taking care of this obligation is in your best interest and if you fail to do so:
    1. Pursuit of legal remedies allowable by law will begin.
    2. Your credit could be impacted.
    3. Your check writing privileges will be suspended until payment is received in full.
Make your payment at one of the following places:
    1. Money Order or cash at SAM'S CLUB 8126/BROWNSVILLE, TX
    2. Western Union (for information call 1-800-425-0075)
    3. Money Order to P.O. Box 2844, Tuscaloosa, AL. 35403-2844
PARTIAL PAYMENTS, PERSONAL CHECKS AND CASH ARE NOT ACCEPTED

Unless this amount is paid in full within the specified time above, all legal remedies available will be pursued.

If you would like to have your returned check returned, please enclose a self addressed stamped envelope, otherwise when payment is received the check will be destroyed.
To receive proper credit on your account return this portion with your payment.

JORGE L. GRACIA
GRANDE E
1554 CALLE RANCHO
SAN BENITO, TX 78586

CONTROL #: 49119011
DATE: 02/25/2001
STORE NUMBER: 8126
CHECK ACCOUNT: 0664155041
CHECK NUMBER: 1019
CHECK DATE: 01/07/2001
CHECK AMOUNT: $73.59
CHECK FEE: $25.00
TOTAL DUE: $98.59

Please Send Payment To:
WAL-MART STORES, INC.
P.O. BOX 2844
TUSCALOOSA, AL 35403-2844

# U.S. Bankruptcy Court

Southern District of Texas (Brownsville)

- *Bankruptcy Petition #:* 00-22716 *Date filed:* 9/7/00
- *Assigned to:* Richard S. Schmidt
- Chapter 13, voluntary, individual, asset

| * Parties * | * Attorneys * |
|---|---|
| **JORGE LUIS GRACIA**<br>1554 E Rancho Grande<br>San Benito, TX 78586<br>*SSN:* 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<br>* Debtor * | **John Ventura**<br>Attorney at Law<br>62 E Price Rd<br>Brownsville, TX 78521<br>956-546-9398 |
| **CINDY BOUDLOCHE**<br>711 N. Carancahua<br>#1508<br>Corpus Christi, TX 78475<br>* Trustee * | |
| **US TRUSTEE**<br>515 Rusk<br>Ste 3516<br>Houston, TX 77002<br>* U.S. Trustee * | **Barbara C Kurtz**<br>Office of U S Trustee<br>606 N Carancahua<br>Ste 1107<br>Corpus Christi, TX 78476<br>361-888-3261 |

## Docket Proceedings

Click on the 🖻 Icon to View the Document Display Cost.

[EOD 11/05/01]

| Date | Doc. No. | Docket Entry |
|---|---|---|
| 9/7/00 | 1 | Voluntary Petition, all schedules and statements. ;Proof of Claim (gov) *Deadline:* 3/6/01 . ( Filing Fee $ 185.00 Receipt # 948137) (jh) [EOD 09/13/00] |
| 9/7/00 | 2 | Chapter 13 Plan. (jh) [EOD 09/13/00] |
| 9/7/00 | 3 | Chapter 13 Fee Notice, filed. (jh) [EOD 09/13/00] |
| 9/11/00 | 4 🖻 | Initial Order for Expeditious and Economical Prosecution of Chapter 13 Case, filed. Parties ntfd. (jh) [EOD 09/13/00] |
| 9/13/00 | 5 | Notice of Appointment of Trustee, Cindy Boudloche (jh) [EOD 09/13/00] |

Case 1:01-cv-00171   Document 5   Filed in TXSD on 11/23/2001   Page 22 of 37

| 10/16/00 | 6 | Statement Concerning Order Authorizing Interim Distribution of Funds by Chapter 13 Trustee filed by Debtor Jorge Luis Gracia (jg) [EOD 10/16/00] |
| 10/18/00 | 7 📑 | Interim Order RE : Chapter 13 Plan. Parties Notified. (gc) [EOD 10/18/00] |
| 10/25/00 | 8 | 341 (a) Meeting of Creditors Scheduled For 9:45 11/17/00 At 222 E.Van Buren, Harlingen,TX Confirmation Hearing Set For 9:05 12/7/00 At 600 E Harrison, Brownsville TX Objections to Confirmation Due: 11/27/00 . Last Day to File Proofs of Claim : 2/15/01 . Parties Notified Pursuant to FRBP 2002(a)(1). (pr) [EOD 10/25/00] |
| 11/20/00 | 9 | 341 (a) Meeting Held on 11/17/00 and Debtor(s) Appeared Yes. (jl) [EOD 11/24/00] |
| 11/21/00 | 10 | Notice of Appearance And Request For Service Of Notice By R Christopher Naylor for Creditor Ford Motor Credit Company . (jl) [EOD 11/24/00] |
| 11/21/00 | 11 | Motion By Creditor Ford Motor Credit Company For Relief From Stay Re: 2000 Ford Mustang . Last Day For Objections 12/14/00 (jl) [EOD 11/24/00] |
| 11/21/00 | 12 | Notice of Hearing Re: [11-1] Motion For Relief From Stay Re: 2000 Ford Mustang by Ford Motor Credit Company Preliminary Hearing Scheduled For 9:00 1/10/01 at 600 E Harrison, Brownsville (jl) [EOD 11/24/00] |
| 11/27/00 | 13 📑 | Order Extending Automatic Stay Re: Motion to Lift Stay by Ford Motor Credit Company pending hearing set 1/10/01 at 9:00 a.m. in Brownsville. Parties Notified. (jl) [EOD 11/27/00] |
| 11/28/00 | 14 | Certificate Of Service By R Christopher Naylor for Creditor Ford Motor Credit Company Of [11-1] Motion For Relief From Stay Re: 2000 Ford Mustang by Ford Motor Credit Company, [12-1] Notice of Hearing . (jg) [EOD 11/28/00] |
| 12/7/00 | -- | Hearing Held 12/7/00Re: [2-1] Chapter 13 Plan; Conf Hrg Passed to 9:05 1/11/01 at 600 E Harrison, Brownsville (ss) [EOD 12/08/00] |
| 12/7/00 | -- | Chapter 13 Confirmation Hearing continued to 1/11/01, Time 9:05, at Brownsville. (ss) [EOD 12/08/00] |
| 12/7/00 | 15 | Motion To Dismiss Case by Trustee debtor has failed to make necessary amendments to plan/schedules in a timely manner m/d 12/31/00 (pr) [EOD 12/11/00] |

| | | |
|---|---|---|
| 12/26/00 | 16 | Response By Abe Limon for Debtor Jorge Luis Gracia To [15-1] Motion To Dismiss Case by Trustee; debtor has failed to make necessary amendments to plan/schedules in a timely manner . (ss) [EOD 12/26/00] |
| 1/5/01 | 17 | Amended Schedules F,I,J, Declaration, And Certificate of Service. (jl) [EOD 01/05/01] |
| 1/5/01 | 18 | Amended Chapter 13 RE: [2-1] Chapter 13 Plan (jl) [EOD 01/05/01] |
| 1/9/01 | 19 📄 | Order Granting [11-1] Motion For Relief From Stay Re: 2000 Ford Mustang by Ford Motor Credit Company . Parties Notified. (ss) [EOD 01/09/01] |
| 1/10/01 | 20 | Hearing Held 1/10/01 Re: [11-1] Motion For Relief From Stay Re: 2000 Ford Mustang by Ford Motor Credit Company. Agreed Order previously submitted. (ss) [EOD 01/12/01] |
| 1/11/01 | -- | Hearing Re: [18-1] Chapter 13 plan To File Amended ;Conf Hrg continued For 9:05 2/8/01 at 600 E Harrison, Brownsville (jl) [EOD 01/12/01] |
| 1/11/01 | -- | Chapter 13 Confirmation Hearing continued to 2/8/01 Time 9:05 at Brownsville (jl) [EOD 01/12/01] |
| 1/11/01 | -- | Hearing Held 1/11/01 Re: [15-1] Motion To Dismiss Case by Trustee; debtor has failed to make necessary amendments to plan/schedules in a timely manner . Hearing Passed to 9:05 2/8/01 at 600 E Harrison, Brownsville (ss) [EOD 01/15/01] |
| 2/8/01 | -- | Chapter 13 Confirmation Hearing continued to 3/8/01 Time 9:05 am at Brownsville (jg) [EOD 02/09/01] |
| 2/8/01 | -- | Hearing Re: [18-1] Amended Chapter 13 plan ;Conf Hrg continued For 9:05 3/8/01 at 600 E Harrison, Brownsville (jg) [EOD 02/09/01] |
| 2/8/01 | -- | Hearing Re: [15-1] Motion To Dismiss Case by Trustee debtor has failed to make necessary amendments to plan/schedules in a timely manner continued 9:05 3/8/01 at 600 E Harrison, Brownsville (jg) [EOD 02/09/01] |
| 3/8/01 | 21 | Trustee's Report of Section 341 Meeting of Creditors and Recommendation of Plan Confirmation. (ss) [EOD 03/08/01] |
| 3/8/01 | 22 📄 | Order Confirming [2-1] Chapter 13 Plan .( 60 months to complete plan ) .Parties Notified. (ss) [EOD 03/08/01] |
| 3/8/01 | -- | Confirmation Hearing Held 3/8/01. Plan Confirmed. (vr) [EOD 03/09/01] |

| 3/8/01 | -- | Hearing Held Re: [15-1] Motion To Dismiss Case by Trustee debtor has failed to make necessary amendments to plan/schedules in a timely manner . Motion Withdrawn. (vr) [EOD 03/12/01] |
|---|---|---|
| 3/28/01 | 23 | Application By John Ventura for Debtor Jorge Luis Gracia For Supplemental Compensation ( Fees: $ 200.00, Expenses: $ 50.00) Last Day to Object: 4/19/01 (ss) [EOD 03/28/01] |
| 4/9/01 | 24 | Order For Employer: Hope Lumber & Supply Co To Pay Trustee $ 73.85 every two weeks. Parties notified. (ss) [EOD 04/09/01] |
| 4/18/01 | 25 | Notice of Trustee's Intent to Pay Claims. Objections Due By 5/8/01 (pr) [EOD 04/18/01] |
| 4/24/01 | 26 | Order Granting [23-1] Application For Supplemental Compensation ( Fees: $ 200.00, Expenses: $ 50.00) by John Ventura payment to John Ventura of $200.00 in fees and $50.00 in expenses . Parties Notified. (ss) [EOD 04/24/01] |
| 5/25/01 | 27 | Notice of Change of Address for Creditor Octavio Hinojosa: New Address: P O Box 852 Los Fresnos TX 78566 (sr) [EOD 05/30/01] |
| 6/4/01 | 28 | Application By Debtor Jorge Luis Gracia To Employ Stephen Gardner as Special Counsel. md 6/24/01 (sr) [EOD 06/05/01] |
| 6/11/01 | 29 | Notice of Appearance And Request For Service Of Notice By Lori Gruver Robertson for Creditor Cameron County (sr) [EOD 06/12/01] |
| 7/16/01 | 30 | Order Granting [28-1] Application To Employ Stephen Gardner as Special Counsel by Jorge Luis Gracia . Parties Notified. (sr) [EOD 07/16/01] |
| 10/1/01 | 31 | Amended Schedules I and J And Certificate of Service. (jh) [EOD 10/04/01] |
| 10/1/01 | 32 | Motion to modify plan by Debtor Jorge Luis Gracia . Objections to Motion due by 10/22/01 . (jh) [EOD 10/04/01] |
| 10/4/01 | -- | Hearing Re: [32-1] Motion to modify plan by Jorge Luis Gracia Scheduled 9:00 11/8/01 at 600 E Harrison, Brownsville (jh) [EOD 10/04/01] |
| 10/10/01 | 33 | Order For Employer: Hope Lumber To Pay Trustee $ 126.92 bi-weekly. Parties notified. (jh) [EOD 10/10/01] |
| | | Application By John Ventura for Debtor Jorge Luis Gracia For |

Texas Southern Bankruptcy Court - Docket R     t          http://pacer.txs.uscourts.gov/bc/c.     %2F01%2F1931&enddt=11%2F14%2F200

| 10/11/01 | 34 | Compensation ( Fees: $ 300.00, Expenses: $ 50.00) . ;Last Day to Object: 11/3/01 (jh) [EOD 10/15/01] |
| --- | --- | --- |
| 11/2/01 | 35 | Amended Schedules A,B,C And Certificate of Service. (jh) |
| 11/5/01 | 36 📄 | Order Granting [34-1] Application For Compensation ( Fees: $ 300.00, Expenses: $ 50.00) by John Ventura payment to John Ventura of $300.00 in fees and $50.00 in expenses . Parties Notified. (jh) [EOD 11/05/01] |
| 11/8/01 | -- | Hearing Held Re: [32-1] Motion to modify plan by Jorge Luis Gracia . Motion Granted. Order Signed (sk) [EOD 11/09/01] |
| 11/8/01 | 37 | Summary and Analysis of Chapter 13 Plan. (sk) [EOD 11/09/01] |
| 11/9/01 | 38 📄 | Order Granting [32-1] Motion to modify plan by Jorge Luis Gracia . Parties Notified. (sk) [EOD 11/09/01] |

### Report Criteria

| | |
| --- | --- |
| **Case Num:** | 00-22716 |
| **Filed between:** | 01/01/31 and 11/14/01 |

### End of Report

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 11/14/2001 19:26:54 | | |
| **PACER Login:** | ag0038 | **Client Code:** | H1023A-rwh |
| **Description:** | docket report | **Case Number:** | 2000-22716 |
| **Billable Pages:** | 5 | **Cost:** | 0.35 |

Need help? Try the PACER User's Guide.

✉ *For information or comments, please contact Pacer Service Center*

✌ *PACER Home.*

# Best Case Bankruptcy
## Chapter 13 Plan Summary Report

### *GRACIA, JORGE LUIS*

**Payments into Plan**

| Monthly Payment | Number of Months |
|---|---|
| 160.00 | 60 |

| Lumpsum Payment | In Month Number |
|---|---|

**Summary of Payout**

| | |
|---|---|
| Attorney & Filing Fee | 1,360.00 |
| Trustee's Fee | 873.00 |
| Paid to Creditors | 6,389.25 |
| Interest to Creditors | 977.75 |
| Over Payments | 0.00 |
| Total Plan Payments | 9,600.00 |

**60 Month Plan    13% for unsecured, non-priority**

## Plan Summary by Creditor Classification

| Code | Classification | Total Claims | Total Payout | Start | End |
|---|---|---|---|---|---|
| ATTY | Attorney Fees | 1,360.00 | 1,360.00 | 1 | 10 |
| SPR | Secured, paid prorata | 3,600.00 | 4,577.75 | 10 | 41 |
| UPR | Unsecured, priority | 379.28 | 379.28 | 41 | 44 |
| UGEN | Unsecured General Nonpriority | 18,414.84 | 2,409.97 | 44 | 60 |
| SLTO | Secured, long term, outside plan | 75,414.52 | 0.00 | 60 | 60 |
| SSR | Secured, surrender property | 21,131.79 | 0.00 | 60 | 60 |

## Liquidation Summary

| Description | Amount |
|---|---|
| Total Property Value | 106,358.00 |
| Less: | |
| Schedule D. Secured Claims | 100,261.93 |
| Schedule E. Priority Claims | 379.28 |
| Schedule C. Exemptions | 9,087.28 |
| Administrative Costs | 0.00 |
| | |
| Available to General Unsecured | -3,370.49 |
| Total General Unsecured | 18,414.84 |
| Percent Distribution | 0.0% |
| Details: | |
| Property from Schedule A. | 68,000.00 |
| Property from Schedule B. | 38,358.00 |
| Unsecured from Schedule D. | 2,682.33 |
| Unsecured from Schedule E. | 10.98 |
| Unsecured from Schedule F. | 15,721.53 |

# Best Case Bankruptcy
## Chapter 13 Split Claims Summary Report
### *GRACIA, JORGE LUIS*

JAN 4,2001
10:42AM

| Secured Claims (Unsecured Portions) | Total Claim | Market Value | Unsecured Amt |
|---|---|---|---|
| TEXAS STATE BANK - 1996 FORD EXPLC | 9,908.90 | 9,800.00 | 108.90 |
| CIRCUIT CITY ** - REFRIGERATOR | 649.41 | 0.00 | 649.41 |
| EDELSTEIN'S ** - LIVING ROOM SET | 1,800.70 | 1,700.00 | 100.70 |
| SEARS** CH. 13 - COMPUTER, POOL TAI | 3,723.32 | 1,900.00 | 1,823.32 |

| Secured Claims (Avoided Liens) | Secured Claim | Avoided Claim | Market Value | Unsecured Amt |
|---|---|---|---|---|
| —None— | | | | |

| Priority Claims (Non-Priority Portions) | Priority Claims | Total Claim | Priority Amt | Non-Priority Amt |
|---|---|---|---|---|
| * INTERNAL REVENUE SERVICE - | | 390.26 | 379.28 | 10.98 |

# United States Bankruptcy Court

## ' Southern District of Texas '

In re   JORGE LUIS GRACIA _____ ,   Case No.  00-22716-B-13 _____

_____   Debtor   Chapter _____ 13 _____

# AMENDED CHAPTER 13 PLAN (dated 1/4/01)

The above-named Debtor(s) propose under Chapter 13 of the Bankruptcy Code the following plan:

1. **Payments to the Trustee:** The future earnings or other future income of the Debtor are submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$160.00** monthly.

   Total of plan payments: **$9,600.00.**

2. **Plan Length:** This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan as follows:

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the amount of their allowed secured claims have been fully paid or until the Debtor has been discharged. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. **Administrative Expenses:** The trustee shall first pay the expenses as prescribed by the Court for administrating the plan. The balance, if any, of attorney fees, owed to the Debtor's attorney shall be paid concurrently with priority and allowed secured claims in full, by consecutive monthly installments beginning at the date a plan is confirmed herein and in advance of unsecured creditors. Debtor's attorney reserves the right to make demand at any time for full payment of any balance of attorney fees, and the trustee shall pay the same ahead of other claims.
      (1) Trustee's Fee: **10.00%**
      (2) Attorney's Fee (unpaid portion): **$1,360.00** to be paid through plan in monthly payments.
      (3) Filing Fee (unpaid portion): **NONE**

   b. **Priority Claims:** Creditors that are a type under 11 U.S.C. § 507 which consist of taxes which are deemed unsecured shall not accrue interest or penalty subsequent to the date of filing and such interest or penalty as might otherwise accrue thereafter shall be discharged upon conclusion of this proceeding.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| * INTERNAL REVENUE SERVICE | 379.28 | 0.00% |

c. **Secured Claims:** A secured credit......ing a timely claim shall be allowed the value, ...... the effective date of the plan, of property to be distributed under the plan on account of such claim if it is not less than the allowed amount of such claim. All allowed secured creditors shall retain their lien on the collateral if it is not otherwise avoidable. Upon a secured creditor receiving from the Chapter 13 Trustee all payments on the secured portion of their claim, other than a creditor who is being paid directly pursuant to this plan, then that secured creditor's claim is satisfied in full, and that creditor shall release the lien(s) to the Debtor(s), except to the extent the Internal Revenue Code, including 26 U.S.C. Section 6325(a) or the Bankruptcy Code, including 11 U.S.C. §522(c)(2)(B) operate otherwise.

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment (if fixed) | Interest Rate (If specified) |
|------|------------------------------------------|----------------------------|------------------------------|
| EDELSTEIN'S ** | 1,700.00 | Prorata | 11.50% |
| SEARS** CH. 13 | 1,900.00 | Prorata | 11.50% |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| NONE | | | |

d. **Unsecured Claims:** The Trustee shall pay all unsecured creditors in equal installments or as the Trustee elects as follows:

(1) Special Nonpriority Unsecured shall be paid in full (100%) for the following types of debt:
 * Debts for which an individual is liable with the Debtor(s) by way of co-signed, guarantee, or endorsement;
 * NSF Checks or any claim which might incur criminal sanction; and
 * Unsecured claims of a type under 11 U.S.C. §523(a)(8).

| Name | Amount of Claim | Interest Rate (If specified) |
|------|-----------------|------------------------------|
| NONE | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid **13** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|----------|-------------------------------|------------------------------|
| NONE | | |

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| CIRCUIT CITY ** | 0.00 | 0.00 | 0.00 |
| TEXAS STATE BANK | 9,684.38 | 373.91 | 0.00 |
| USDA | 65,730.14 | 455.08 | 0.00 |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
NONE. Payments to be made directly by debtor without wage deduction.

8. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|-------------|----------------------------------|
| NONE | |

9. Property to Be Surrendered to Secured Creditor:

| Name | Amount of Claim | Description of Property |
|------|-----------------|------------------------|
| FORD MOTOR | 21,131.79 | 2000 FORD MUSTANG |

10. The following liens shall be avoided pursuant to 11 U.S.C. 522(f), or other applicable sections of the Bankruptcy Code:

| Name | Amount of Claim | Description of Property |
|------|-----------------|------------------------|
| NONE | | |

11. Title to the Debtor's property shall remain property of the estate after confirmation of a plan

**Chapter 13 Plan**                                                                 **Page 2**

12.  As used herein, the term "Debtor" sl    nclude both debtors in a joint case.

13.  Upon confirmation of the plan, the automatic stay shall remain in effect.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN THE MATTER OF:
    GRACIA, JORGE
and

Debtors

United States Bankruptcy Court
Southern District of Texas
ENTERED

MAR - 8 2001

Michael N. Milby, Clerk of Court

CHAPTER 13 PROCEEDINGS

CASE NO: 00-22716-B-13



ocnfpln13

ORDER CONFIRMING PLAN

After notice and hearing, wherein the Court considered the matters on file herein, including the Trustee's Report of 341(a) Meeting and the Summary and Analysis of Chapter 13 Plan, the Court finds that the Plan meets the requirements of 11 U.S.C., Sec. 1325(a), and should be confirmed.

IT IS ORDERED THAT:

1. The Debtor's Plan as proposed and as shown in the Trustee's Report of 341(a) Meeting is confirmed.
2. The Debtor shall pay the sum of $160                      per month to Cindy Boudloche, Trustee, payable in Corpus Christi, Nueces County, Texas, on the 07 day of each month beginning October 7, 2000    , for a period of 60                      months or until all of the properly filed and allowed claims have been paid in full (100%) or as specifically treated in the plan or until further order of the Court.
3. The Trustee shall make disbursements pursuant to provisions of the Plan, Section 1326 of the Bankruptcy Code, and shall pay only such claims which have been allowed by the Court. The Trustee shall make disbursements monthly, unless otherwise provided by the Plan, but shall not be required to pay any dividend in an amount less than $5.00. Dividends not distributed because of this provision shall accumulate, and be paid when such accumulation aggregates $5.00 or more.
4. During the term of this Plan, the Debtor(s) shall timely pay all post petition taxes and shall not incur additional debt except upon written approval of the Trustee or the Court.
5. The order of payment, unless otherwise directed, shall be:
    a. The percentage fee as may be periodically fixed by the Attorney General pursuant to 28 USC Sec 586(e).
    b. Allowed claims in the amounts and order shown in the Trustee's Report of 341(a) Meeting, or as allowed pursuant to timely filed claims.
    c. All secured claims will be deemed valued per the Trustee's Report of 341(a) Meeting.
6. Each secured creditor shall retain the lien existing prior to the commencement of the case to secure payment of the allowed amount of it's claim.

Signed:  March 8, 2001

U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED

**NOV 09 2001**

Michael N. Milby, Clerk of Court

IN RE:                               *     CASE NO: 00-22716-B-13
JORGE LUIS GRACIA                    *
DEBTOR(S)                            *     CHAPTER 13

## ORDER APPROVING MODIFICATION OF PLAN

CAME ON FOR CONSIDERATION BEFORE THIS COURT, JORGE LUIS GRACIA,

Debtors' Motion to Modify Chapter 13 Plan.  The Court having received no timely filed

objections or request for a hearing finds that the granting of this Motion would be beneficial

to all interested parties, and that the reasons for the filing of the motion were as follows:

        A.    To include the following claim to be paid under the Debtor's Chapter 13 plan:

            USDA-RHS
            2315 W. Expressway 83
            Room 102
            San Benito, TX 78586
            Post petition arrears (June 2001–September 2001)$2,031.68 at 11.50 interest

It is therefore;

        ORDERED, that the Modification of Case Number 00-22716-B-13 - Chapter 13

Plan is hereby approved, specifically to provide for the following:

1.      The new modified monthly plan payment is payable as follows:

        Months 1-12  October, 2000–September, 2001    $135.39
        Months 13-60 October 2001 - until the 60th month  $275.00

2.      All creditors will be paid according to the proofs of claims now on file and as they may
      have been modified by any Objections to Claims or Motions to Avoid Lien and their
      subsequent Orders;

3.      Secured and priority creditors will be paid in full with a dividend to the unsecured
      creditors not less than the amount that would be paid on such claims if the estate were
      liquidated under Chapter 7 of title 11 of the United States Code; and

4.      The Automatic stay will remain in effect as per the Order of Confirmation.

Dated: ___11-8-01___

_____
UNITED STATES BANKRUPTCY JUDGE

(38)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 00-22716-B-13 |
| | § | |
| JORGE LUIS GRACIA | § | |
| Debtor(s) | § | Chapter 13 |

JUL 16 2001

Michael N. Milby, Clerk of Court

## ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL

Upon the application of Jorge Gracia, Debtor and upon the sworn affidavit of the Law Offices of John Ventura, and Stephen Gardner, for leave to be employed as special on the terms set forth in said application, and upon due consideration, it is hereby

ORDERED, that the Debtor is authorized to retain and employ the Law Offices of John Ventura, P.C., and the Law Offices of Stephen Gardner as special counsel to represent the Debtor in a possible class action fair debt collection practice violation against Wal-Mart, with future billings and fee applications to be made in accordance with 11 U.S.C. §330, with reasonable compensation for such services to be taxed and paid as costs in accordance with the terms of the Class Action Retainer Agreement between counsel and client in the proceeding and to be approved hereafter on proper application and hearing, and any retainer to be held by said attorney in a segregated bank account in trust for this estate with no draws to be made out of such funds except upon application to and by order of the Court.

DATED: JUL 0 6 2001

RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

30